UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:16-cr-0002 JMS-TAB |
| MICHAEL JOHNSON, | ) ) |
| Defendant. | ) |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and, Michelle P. Brady, Assistant United States Attorney ("the Government"), and the defendant, Michael Johnson ("the defendant"), in person and by counsel, John Razumich, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea and Charge(s)

1. **Plea of Guilty:** The defendant, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Superseding Indictment:

a. Count One, which charges that the defendant committed the offense of conspiring to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841 and 846. The offense is punishable by a maximum sentence of between 10 years and life imprisonment, a $10,000,000 fine, and no less than 5 years' supervised release following any term of

imprisonment. To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt: (1) a conspiracy to possess with intent to distribute and to distribute methamphetamine existed; and (2) Defendant knowingly joined that conspiracy.

Upon sentencing, the United States will move to dismiss Defendant from Count Fourteen of the Superseding Indictment.

### Part 2: General Provisions

2.  **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

3.  **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the

discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

4. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

5. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

6. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the

proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3: Sentence of Imprisonment

7. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release. The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

8. **No Appeal of Supervised Release Term and Conditions:** As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 4: Monetary Provisions and Forfeiture

9. **Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

10. **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### Part 5: Factual Basis for Guilty Plea

11. The parties stipulate and agree that the following facts establish a factual basis for the defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

12. In late 2014, the ATF-Achilles Task Force, IMPD Southwest District Narcotics Unit and other law enforcement agencies commenced an investigation of an armed criminal drug trafficking organization operating in the Indianapolis, Indiana area, initially focusing on drug distributor Michael JOHNSON. The investigation culminated in the interception of multiple cell phones being used by JOHNSON, Luis Enrique BENITEZ, and Juan MADRID from approximately October 2015 through November 2015 (cellular phones belonging to Luis BENITEZ (Target Phone 1) and Michael JOHNSON (Target Phone 2) commenced on October 6, 2015; beginning on October 16, 2015, a cellular phone belonging to Luis BENITEZ and Juan MADRID was intercepted (Target Phone 3); beginning on November 5, 2015, another cellular phone belonging to Michael JOHNSON was intercepted (Target Phone 4); beginning on November 17, 2015, cellular phones belonging to Michael JOHNSON (Target Phone 5) and Juan MADRID and Luis BENITEZ (Target Phone 6) were intercepted. Intercepts over these various target phones demonstrate that a conspiracy to distribute controlled substances existed, and that during this conspiracy, co-conspirators BENITEZ and MADRID distributed controlled substances, including multiple ounce quantities of methamphetamine, to individuals, including JOHNSON.

13. The investigation further demonstrated that JOHNSON had been utilizing his residence at 3010 Danbury Road in Indianapolis, Indiana to store methamphetamine, and to distribute that methamphetamine to other individuals. Additionally, JOHNSON supervised the activities of at least one other individual in the course of this investigation, in that he directed Jemel Willis to distribute controlled substances on his behalf on more than one occasion.

14. On December 10, 2015, the ATF executed a federal search warrant at 4930 Patricia Street, which was the residence in which BENITEZ and MADRID had been residing

during the course of the conspiracy. Officers seized more than forty pounds of methamphetamine from the residence, which BENITEZ and MADRID were storing at the residence. Officers also seized a Kimber .45 caliber pistol, Model Gold Match II firearm, which was owned by BENITEZ. Officers also seized a second firearm, which was owned by MADRID. In the course of this conspiracy, JOHNSON had brokered the sale of these two firearms to BENITEZ and MADRID. In the course of the conspiracy, JOHNSON had distributed no less than 500 grams of methamphetamine (actual) to individuals in Indianapolis, Indiana, which he received from coconspirators BENITEZ and MADRID.

### Part 6: Other Conditions

**15.  Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**16.  Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**17.  Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7: Sentencing Guideline Stipulations

18. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2015 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

   a. Base offense level: 34, based on the seizure of more than 500 grams of methamphetamine [USSG Section 2D1.1; Section 2S1.1(a)(1)(A)];

   b. Increase of two levels, as one or members of the conspiracy possessed firearms, and that possession was reasonably foreseeable to the Defendant [USSG Section 2D1.1];

   c. Increase of two levels, for maintaining a location for the purpose of drug trafficking [USSG Section 2D1.1(b)(12)];

   d. Increase of three levels for defendant's leadership role [USSG Section 3B1.1];

   f. Decrease of three levels for acceptance of responsibility. To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described

above], the Government agrees that the defendant should receive a three level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. [USSG Section 3E1.1];

   g. Final offense level: 38.

   h. The parties agree to jointly recommend the low end of the advisory guideline range as calculated within this plea agreement, as this will result in a sentence that is sufficient, but not greater than necessary, to achieve the sentencing objectives set forth in 18 U.S.C. 3553.

## Part 8: Waiver of Right to Appeal

  19. **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further agrees that he expressly waives his right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

  20. **Collateral Attack:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was

determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the Government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the District Court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

21. **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

22. The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

23. The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Statement of the Defendant

**24.**   By signing this document, the defendant acknowledges the following:

**a.**   I have received a copy of the Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

**b.**   I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.**   I have read the entire Plea Agreement and discussed it with my attorney.

**d.**   I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.**   Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty".  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

11

  **f.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

  **g.** I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

  **h.** I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

  **i.** I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  **j.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

  **k.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

  **l.** Trial of this cause is scheduled to commence on October 31, 2016. I request that this date be continued to permit the Court to consider this proposed guilty plea

agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 11:  Certificate of Counsel

**25.** By signing this document, the defendant's attorney and counselor certifies as follows:

    **a.** I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment in this case;

    **b.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

    **c.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

    **d.** In my opinion, the defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    **e.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## Part 12: Final Provision

**26.** **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

2/16/2017
DATE

Michelle P. Brady
Assistant United States Attorney

2/16/2017
DATE

for Bradley A. Blackington
Chief, Drug and Violent Crime Unit

2-16-17
DATE

Michael Johnson
Defendant

2-16-17
DATE

John Razumich
Counsel for Defendant

14